IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGEL G. GALINDEZ, | § | |
| | § | No. 72, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1204000598 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 3, 2017
Decided: January 24, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 24th day of January 2018, having considered the parties' briefs on appeal and the Superior Court record, it appears to the Court that:

(1)    The appellant, Angel G. Galindez, filed this appeal from the Superior Court's order dated January 26, 2017, denying his first motion for postconviction relief. After careful consideration, we find no merit to the appeal and affirm the Superior Court's judgment.

(2)    In February 2013, a Superior Court jury convicted Galindez of Robbery First Degree (two counts) and Conspiracy Second Degree. In June 2013, the Superior Court sentenced Galindez to a total of twenty-two years of Level V

incarceration suspended after eight years (six years mandatory) for decreasing levels of supervision.[1] We affirmed the Superior Court's judgment on direct appeal.[2]

(3) In June 2014, Galindez filed a timely *pro se* motion for postconviction relief alleging ineffective assistance of counsel. Galindez argued that he was prejudiced by the cumulative effect of his trial counsel's failure to request a missing evidence jury instruction and to call a co-defendant to testify at trial.

(4) The Superior Court appointed postconviction counsel for Galindez. Also, at the direction of the court, Galindez' trial counsel filed an affidavit responding to the ineffective counsel claims raised by Galindez, and the State filed a response.

(5) After reviewing the record, postconviction counsel moved to withdraw as counsel. Postconviction counsel advised that, after analyzing the record, he concluded that Galindez' ineffective counsel claims were without merit and could not be ethically advocated, and that the record revealed no other potential meritorious grounds for relief. By order dated January 26, 2017, the Superior Court

---

[1] To clarify the record, the Court notes an error in paragraph number (10) of the Superior Court's January 26, 2017 order, where it states that Galindez was "sentenced to two concurrent terms of ten years at Level V supervision, suspended after four years for decreasing levels of supervision." The sentencing transcript and the automated sentence order reflect that the two ten-year Level V terms were imposed *consecutively* (not concurrently), and that Galindez must serve *six years* (not four years)—three years mandatory for each consecutive ten-year term—before the Level V incarceration is suspended for concurrent probation.

[2] *Galindez v. State*, 2014 WL 341229 (Del. Jan. 30, 2014).

granted the motion to withdraw and denied the motion for postconviction relief. This appeal followed.

(6) This Court applies the two-prong *Strickland* standard when reviewing claims of ineffective assistance of counsel in a timely first postconviction proceeding.[3] Under *Strickland*, Galindez must demonstrate that (i) his trial counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the trial would have been different.[4]

(7) Having carefully considered the parties' briefs and the record on appeal, we affirm the Superior Court's judgment. The Superior Court considered each allegation of ineffective assistance of counsel and determined that the allegation had no merit because Galindez had not established either prong of *Strickland*. The Superior Court did not abuse its discretion or commit legal error when denying the motion for postconviction relief.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).
[4] *Id.* at 688, 692.
[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

3